# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2021

Lyle W. Cayce
Clerk

No. 19-40295

In re: Norman Silverman,

*Plaintiff—Appellant.*

Appeal from the United States District Court
for the Eastern District of Texas
USDC 4:19-MC-4

Before Ho, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Norman Silverman neglected to tell the United States District Court for the Eastern District of Texas that two other federal district courts had previously disciplined him for professional misconduct. In accordance with local rules, the district court imposed reciprocal discipline on Silverman, suspending his ability to practice law in the Eastern District of Texas and removing him from two pending cases.

Silverman argues that the district court abused its discretion in imposing that discipline. He also argues that the district judge should have recused herself because his past disciplinary record—information that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40295

Silverman himself failed to disclose—constituted "extrajudicial information" that required recusal. Finding that the district court correctly imposed reciprocal discipline and denied Silverman's motions for recusal, we affirm.

## I.

Three federal district courts have disciplined Norman Silverman for misconduct.

The first was the United States District Court for the Western District of Pennsylvania. In 2014, that court granted Silverman pro hac vice status to represent his client in a criminal trial. According to the Western District of Pennsylvania, Silverman's conduct during that trial displayed a lack of regard for the judicial process and for the court's authority. Throughout the trial, Silverman repeatedly violated the court's evidentiary orders, failed to label his exhibits in advance of trial, failed to have a working copy of the government's exhibits at hand, repeatedly refused to limit his cross-examination of witnesses to the scope of their direct examination, and frequently continued the same line or character of questions after the court sustained a non-form objection.

At one point during the trial, the government moved to revoke Silverman's pro hac vice status. Had Silverman's co-counsel been prepared to try the case, it appears the court would have granted the motion mid-trial and possibly placed Silverman in jail. Because of Sixth Amendment concerns, however, the court declined to revoke Silverman's pro hac vice status during the trial.

By the time trial was over, Silverman had racked up $4,300 in sanctions, which he had not paid despite the district court's contempt order directing him to do so. Instead of paying, Silverman withdrew as counsel, and another attorney agreed to represent his client for sentencing. Finding

there were no longer Sixth Amendment concerns, the court issued a sharp rebuke of Silverman's conduct and revoked his pro hac vice status in May 2016.

The second court to discipline Silverman was the United States District Court for the Western District of Texas. As a member of the bar of that court, Silverman moved to continue the trial of one of his clients because he was unprepared for trial. Silverman admitted that he provided his client inadequate assistance of counsel, which the district court characterized as "a shocking display of attorney misconduct." As a result, in early 2018, a disciplinary panel concluded that Silverman violated five rules of professional conduct and suspended him from practicing law in the Western District of Texas for 120 days.

The third court to discipline Silverman was the United States District Court for the Eastern District of Texas, where he was also barred. In 2019, Silverman was representing two clients in two different cases in that court. When the government in one of those cases alerted the court that Silverman had failed to disclose the disciplinary actions taken by the Western District of Pennsylvania and the Western District of Texas, the court issued a show cause order as to why reciprocal discipline should not be imposed in accordance with local rules.

Silverman responded by moving to disqualify the district judge— twice—on the grounds that the government's reply to the show cause order was intended to prejudice the court and that the government's advisories regarding Silverman's disciplinary record constituted extrajudicial information that called into question the court's partiality. The district court denied Silverman's motion and imposed a 120-day suspension on Silverman's ability to practice in the Eastern District of Texas as reciprocal discipline for his misconduct in the Western District of Texas. It also

removed him from representing his two clients in the Eastern District of Texas as reciprocal discipline for the revocation of his pro hac vice status in the Western District of Pennsylvania. Silverman now appeals the reciprocal discipline for the revocation of his pro hac vice status and the district court's denial of his motion for recusal.

## II.

"Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do." *United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006). Accordingly, we review a district court's decision to discipline an attorney for abuse of discretion. *Id.* (citing *United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976)). "In making that inquiry, we review the district court's findings of fact for clear error and its application of the relevant rules of attorney conduct de novo." *Id.* (citing *United States v. Snyder*, 707 F.2d 139, 144 (5th Cir. 1983)).

The Eastern District of Texas's local rules provide that if a member of the bar "loses, either temporarily or permanently, the right to practice law before any state or federal court for any reason," the court shall issue an order directing the attorney to show cause why "identical discipline" should not be imposed. E.D. Tex. L.R. AT-2(b) (2018). There are some exceptions, but they are not relevant here. An attorney may show cause by establishing that "the imposition of the identical discipline would result in a grave injustice," or that "the misconduct established by the other jurisdiction warrants substantially different discipline in this court," as well as through other defenses not relevant here. *Id.* AT-2(b)(2). If the attorney fails to show cause, "the court shall enter the identical discipline to the extent practicable." *Id.*

As reciprocal discipline for the Western District of Pennsylvania's revocation of Silverman's pro hac vice status, the district court removed Silverman from representing his two clients in the Eastern District of Texas.

First, Silverman argues that the revocation of pro hac vice status is not a loss of "the right to practice law" because pro hac vice status is case-specific and generally considered a privilege and not a "right." He asserts that pro hac vice status is not a "right" because it is subject to conditions and wholly discretionary. Therefore, he contends, the district court erred by imposing reciprocal discipline based on disciplinary action not covered by local rules.

Silverman is wrong. The Eastern District of Texas's local rules expressly contemplate that "the right to practice law" is subject to certain rules, like the rules of professional conduct. *See* E.D. Tex. L.R. AT-2(a) (2018) ("The standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court."). What's more, every admission to the bar is conditioned upon compliance with various rules and is therefore discretionary. If an attorney repeatedly engages in misconduct, he or she will likely lose "the right to practice law" regardless of whether that attorney is admitted temporarily as pro hac vice or as a full member of the bar. Thus, Silverman's distinction based on the discretionary nature of pro hac vice status makes no difference. If it did, then no bar admission would count as the "right to practice law." The revocation of pro hac vice status is clearly a loss of "the right to practice law" under the rule.

Second, Silverman asserts that even if the Western District of Pennsylvania's revocation of his pro hac vice status triggered reciprocal

discipline, the district court abused its discretion by removing him from his two pending cases in the Eastern District of Texas.

Given the gravity of Silverman's conduct in the Western District of Pennsylvania, the district court's decision to remove Silverman from two pending cases in the Eastern District of Texas was not an abuse of discretion. *See In re Sealed Appellant*, 194 F.3d 666, 673 (5th Cir. 1999) ("The question before us is not whether we would disbar [the attorney] but, rather, whether the district court abused its discretion in doing so."). The Eastern District of Texas's local rules require courts to impose "identical discipline to the extent practicable." E.D. TEX. L.R. AT-2(b)(2) (2018). Revocation of Silverman's pro hac vice status in the Western District of Pennsylvania meant that he was no longer able to represent his client in that district. The Eastern District of Texas closely matched that consequence by removing Silverman from representing his two clients in that district. Silverman identifies no authority to the contrary, much less one requiring a different sanction.

Silverman responds that because his two pending cases in the Eastern District of Texas had not gone to trial, removing him from those cases was "significantly more punitive" than the Western District of Pennsylvania's revocation of his pro hac vice status after trial concluded. Not so. Silverman's misconduct in the Western District of Pennsylvania was egregious—so much so that the court in that case was ready to revoke Silverman's pro hac vice status mid-trial. The only thing that stopped the court from doing so was a lack of available substitute counsel—a circumstance that does not negate or excuse Silverman's misconduct. The district court properly considered these circumstances in imposing reciprocal discipline.

No. 19-40295

For his part, Silverman still does not appear to appreciate the gravity of his misconduct, arguing instead that the revocation of his pro hac vice status had "no real implications" because he withdrew at the end of trial. This is wrong. The Western District of Pennsylvania revoked Silverman's pro hac vice status because of repeated instances of misconduct. This was not an empty formality. It was a statement to Silverman that he was no longer permitted to practice law in that court.

Finally, Silverman also argues that removing him from representing one of his clients in the Eastern District of Texas would infringe upon that client's Sixth Amendment right to counsel.[1] He appears to suggest that the district court wrongly rejected his defense that "the imposition of the identical discipline would result in a grave injustice." E.D. Tex. L.R. AT-2(b)(2) (2018).

The district court carefully considered this argument, noting that although it was "extremely hesitant to disqualify a defendant's counsel of choice," it found that "such disqualification is necessary in this case in order to ensure the orderly administration of justice." It found that another attorney had already taken over as lead counsel for that client and thus the client's Sixth Amendment right was adequately protected. We agree with the district court's analysis.

## III.

Lastly, we turn to Silverman's argument that the district judge abused her discretion by not recusing herself. *See Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) ("The denial of a motion to recuse is reviewed for abuse of discretion.") (citing *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th

---

[1] Although Silverman was initially removed from representing two clients, he has since been reinstated as counsel for one of those clients.

7

Cir. 1999)).    Silverman claims that the government's ex parte filings informing the court of the disciplinary actions taken against him in the Western District of Texas and the Western District of Pennsylvania constitute "extrajudicial information" that required the judge to recuse herself. *See* 28 U.S.C. § 455(a) (requiring recusal when a judge's impartiality might reasonably be questioned); *Liteky v. United States*, 510 U.S. 540, 548 (1994) (explaining that extrajudicial information may be a factor supporting recusal under § 455(a)).

The district judge correctly denied Silverman's motions for recusal. The court was first alerted of Silverman's failure to report prior discipline by a filing introduced by the government during judicial proceedings. Although this filing was originally ex parte, the district judge ensured that Silverman knew what was discussed and sought to make sure that her decision was based on a full record, including Silverman's response to the advisories. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. No such evidence exists here. Instead, the record shows that the district judge worked diligently to ensure a fair proceeding.

* * *

Silverman failed to tell the district court that he had previously been disciplined by two other federal district courts. The district court properly imposed reciprocal discipline and correctly denied Silverman's motion to recuse. Accordingly, we affirm.